UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
UNITED STATES,

                      Government,

     -against-

JAMAINE LAWRENCE,

                      Defendant.
----------------------------------------------------------X

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
06-cr-807

**AMON, Chief United States District Judge**.

In a February 15, 2012 order ("Order"), this Court held that Amendment 750 to the Guidelines and the Fair Sentencing Act of 2010 did not entitle defendant Jamaine Lawrence to a sentence reduction under 18 U.S.C. § 3582(c). (DE#30.)

Upon review of the docket sheet, it appears that no copy of the Order was mailed by the clerk's office to the defendant at the time the order was issued on February 15, 2012. (DE#30.) On April 19, 2012, the defendant telephoned the Clerk of Court to check the status of his pending motion, at which point he learned for the first time that his motion for a sentence reduction had been denied. A copy of the Order was mailed to the defendant by the Court on April 19, 2012, immediately following his telephone request for a copy of the Order.

The defendant filed a Notice of Appeal on April 30, 2012. (DE#31.) He explains in his notice of appeal that he did not receive a copy of the Order until he telephoned the Clerk of Court for an update on his case.

The Court construes the defendant's explanation of the delay in filing his notice of appeal as requesting an extension of time under Federal Rule of Appellate Procedure 4(b)(4). See United States v. Delileon, 2008 WL 5190921, at *1 (S.D.N.Y. 2008) (construing pro se defendant's affidavit informing Court he never received copy of its order as motion for an extension of time to file notice of appeal) (citing Grune v. Coughlin, 913 F.2d 41, 43 (2d Cir.

1

1990) (construing letter from *pro se* litigatant as notice of appeal because "a notice of appeal filed by a *pro se* litigant must be viewed liberally"). For the following reasons, the Court deems its Order reissued on April 19, 2012, the date the Order was sent to the defendant, and therefore finds the defendant's notice of appeal to be timely.

**I.      Rules for Filing a Notice of Appeal**

Federal Rule of Appellate Procedure 4(b) governs the procedures for appealing an order denying a motion for resentencing pursuant to 18 U.S.C. § 3582(c). United States v. Arrango, 291 F.3d 170, 172 (2d Cir. 2002). Under this rule, a defendant must file a notice of appeal with the district court within 14 days of the date of the order being appealed. Fed. R. App. P. 4(b)(1)(A)(i). If a defendant fails to file a notice of appeal within the 14-day period, the district court may, upon a finding of excusable neglect or good cause, "before or after the time has expired, with or without motion and notice," grant an extension of time "not to exceed 30 days from the expiration of time otherwise prescribed by Rule 4(b)." Fed. R. App. P. 4(b)(4).

The Second Circuit held in United States v. Frias, 521 F.3d 229, 231 (2d Cir. 2008) that the Rule 4(b) time limits are not jurisdictional. Therefore, if the government raises no objection to the untimeliness of a defendant's notice of appeal, the Second Circuit is not required to dismiss an untimely appeal and may consider it on the merits. Id. at 232. However, the Second Circuit cautioned that "[w]hen the government properly objects to the untimeliness of a defendant's criminal appeal, Rule 4(b) is mandatory and inflexible," thereby requiring dismissal. Id. at 234.

**II.     Timeliness of Defendant's Notice of Appeal**

The Court's Order finding the defendant ineligible for a sentence reduction was entered on February 15, 2012. As a matter of right, the defendant had until February 29, 2012 to file his

notice of appeal. Fed. R. App. P. 4(b)(1)(A). Assuming the defendant was granted the maximum 30-day extension of time permitted under Rule 4(b)(1)(B), the last day the defendant could have filed a notice of appeal was March 30, 2012. The defendant's notice of appeal was mailed on April 24, 2012, and received by the Court on April 30, 2012, several weeks after this deadline.

Because the defendant's notice of appeal was filed more than 30 days after the expiration of Rule 4(b)(1)(A)'s 14-day deadline, the Court does not have the power to grant the defendant an extension of time. See United States v. Pimentel, 234 F.3d 1263 (2d Cir. 2000) (Unpublished Summary Order) ("The district court is authorized, in certain circumstances, to extend the appeal period, but it has no power to do so if the motion for an extension is filed more than 30 days after the expiration of the appeal period prescribed by Fed. R. App. P. 4."); United States v. Lasko, 2008 WL 189930 (N.D.N.Y. 2008) (holding that court was without authority to grant request for extension filed after expiration of 30 day period, even where defendant did not receive notice of the court's order for more than one year); Delileon, 2008 WL 5190921, at *2 (holding that court could not grant motion for extension of time that was filed thirty-one days after expiration of the Rule 4(b) deadline).

## III. Preserving Defendant's Ability to Appeal in the Interests of Fairness

This Court, like others that have been faced with similar facts, "is concerned by the harshness of Rule 4(b)" when it is applied to foreclose an appeal by a *pro se* inmate who failed to receive notice from the court of the entry of an order. Delileon, 2008 WL 5190921, at *2; Lasko, 2008 WL 189930, at *1 (finding denial of motion for extension of time under Rule 4(b) a "seemingly harsh result with possible due process implications where, as here, a defendant has not received notice of an order"); United States v. Matos, 1999 WL 1210829, at *4 (E.D. Pa.

3

1999) ("If one were rewriting the law, one might be tempted to make allowance for the failure of a clerk to provide notice of the entry of an order.").

There can be no doubt that the lack of notice to the defendant that his motion for a sentence reduction was denied constitutes good cause for his delay in filing a notice of appeal. The Court believes that the defendant should be permitted to pursue his appeal, despite the restraints imposed by Rule 4(b), particularly in light of the fact that the defendant diligently followed up with the Court to check the status of his pending motion. Because of the good cause shown, and in the interests of protecting the defendant's rights, the Court finds it prudent to follow the approach taken by Judge Wood in United States v. Delileon, 2008 WL 5190921, at *3 (deeming the court's order reissued as of the date the defendant informed the court he had not received notice of the order, thereby triggering a new time limit for filing a notice of appeal pursuant to Rule 4(b)). The Court deems its Order reissued on April 19, 2012, the date the defendant informed the Court he had not received a copy of the Order. As reissued, the Order triggers a new 14-day period for the filing of a notice of appeal. Because the defendant's notice of appeal was filed within 14 days of April 19, 2012, the Court finds the notice of appeal to be timely.[1]

SO ORDERED.

Dated: June 1, 2012
      Brooklyn, N.Y.

/s/
Carol Bagley Amon
Chief United States District Judge

---

[1] As the court noted in Delileon, this Court notes that if the Second Circuit rejects its reissuance of the Order, the Court finds the defendant's notice of appeal untimely, and finds that it is without authority to grant an extension of time under Rule 4(b)(4). The Court further notes, however, that the Second Circuit could still address the merits of the defendant's appeal under Frias as long as the government does not object to the notice of appeal as untimely.